WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David William Perkins,<br><br>                    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | No. CV-13-08230-PCT-SPL<br><br>**ORDER** |

Plaintiff David William Perkins seeks judicial review and reversal of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Social Security disability benefits.

**I.   Background**

On January 31, 2010, and February 1, 2010, Plaintiff filed applications for Social Security disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. (AR[1] 198-99, 202-08.) Plaintiff alleges that on January 22, 2010, he became unable to work due to his disabling condition. (AR 198.) On March 11, 2010, the SSA denied Plaintiff's application (AR 135-42), and on August 6, 2010, the SSA denied Plaintiff's request for reconsideration (AR 144-46). Pursuant to Plaintiff's request (AR 152-53), a hearing was held on January 17, 2012, before Administrative Law Judge ("ALJ") Earl C. Cates, Jr. (AR 44-88).

---

[1]   Administrative Record.

Applying the five-step sequential framework,[2] on February 1, 2012, the ALJ issued a decision ruling that Plaintiff is not disabled and is not entitled to disability benefits. (AR 22-35.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 22, 2010, his alleged disability onset date. (AR 24.) At step two, the ALJ found that Plaintiff had the following severe impairments: ischemic heart disease, coronary artery disease status post three stents, obesity, and tobacco addiction. (*Id.*) He further found the following impairments were non-severe: myopic astigmatism, diabetes, cataract, sleep apnea, orthopedic pain, depression, and anxiety. (AR 24-27.) At step three, the ALJ found that Plaintiff's impairments did not meet or equal one of the listed impairments described in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 28.)

At step four, the ALJ found that Plaintiff had the residual functional capacity[3] ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). Specifically, the ALJ found that Plaintiff was able to lift twenty-five pounds occasionally

---

[2] To be eligible for Social Security disability benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). In deciding whether a claimant is disabled and eligible for Social Security disability benefits, an ALJ employs a five-step sequential analysis, determining:

> (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity, the claimant can still do his or her past relevant work; and (5) whether the claimant can make an adjustment to other work.

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing 20 C.F.R. §§ 404.1520, 416.920). *See also* 42 U.S.C. § 423(d)(1)(A). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at steps one through four of the sequential process. *Id.*; *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. *Tackett*, 180 F.3d at 1098; *Reddick*, 157 F.3d at 721.

[3] A claimant's residual functional capacity is defined as the most he or she can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

with his left hand; lift twenty-five pounds occasionally with his right hand; lift fifty pounds occasionally on an infrequent basis; sit for an hour at one time for a total of six out of eight hours in an eight-hour workday; stand for thirty minutes at a time; walk for one hundred yards at a time; stand and walk for a total of four hours in an eight hour day; and should avoid bending, twisting, and stooping. (AR 28.)  Based on Plaintiff's RFC, the ALJ found that he could perform his past work as a customer order clerk, and could perform other jobs that exist in significant numbers in the national economy. (AR 33-35.)  The ALJ therefore concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 35.)

On July 18, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision became the final decision of the Commissioner of the SSA. (AR 1-4.)  Having exhausted the administrative review process, on September 17, 2013, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint in this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.)

**II.    Standard of Review**

In reviewing the decision of the ALJ, the Court must affirm the ALJ's decision unless it contains legal error or is not supported by substantial evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, but less than a preponderance; "it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *see also Reddick,* 157 F.3d at 720. In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).  The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where "the evidence can reasonably support either affirming or reversing a decision, [the

Court] may not substitute its judgment for that of [the ALJ]." *Andrews*, 53 F.3d at 1039. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630 (internal quotations and citations omitted). The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.*

### III. Discussion

Plaintiff argues that the ALJ's decision should be reversed and the case be remanded for benefits because the ALJ improperly discounted the opinions of Plaintiff's treating physicians, and improperly discredited Plaintiff's symptom testimony. (Doc. 11.) In response, Defendant contends that the ALJ's decision is supported by substantial evidence and is free of legal error. (Doc. 12.)

#### A. Medical Opinion Evidence

"The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(c); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). In doing so, an ALJ should afford the most weight to the treating physician's opinion, a lesser amount of weight to an examining physician's opinion, and an even lesser amount to a physician who has neither treated nor examined the claimant. *See Orn*, 495 F.3d at 63. Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Orn*, 495 F.3d at 632. As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Lester*, 81 F.3d at 830-31. The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

4

thereof, and making findings." *Magallanes*, 881 F.2d at 751.

### 1. Michael Aranda, D.O.

Plaintiff argues that the ALJ erred by failing to assign sufficient weight to the opinion of his treating physician Michael Aranda, D.O.. Plaintiff reports Dr. Aranda began treating him in 2007 for medical conditions of carpal tunnel, back injuries, high blood pressure, diabetes, depression, and shoulder injuries. (AR 235.) On January 20, 2011, Dr. Aranda completed a Multiple Impairment Questionnaire in which he diagnosed Plaintiff's conditions as coronary artery disease, spinal stenosis, and diabetic peripheral neuropathy, and listed Plaintiff's primary symptoms as severe back pain, stiffness, decreased sensation, decreased range of motion, extreme fatigue, and leg weakness. (AR 513-14.) Dr. Aranda opined that Plaintiff can sit, stand, or walk for no more than one hour in an eight-hour day; could frequently lift/carry up to 5 pounds, occasionally lift up to 20 pounds, and occasionally carry up to 10 pounds; is precluded from performing repetitive reaching, handling, fingering, and lifting; and has additional psychological and vision limitations. (AR 515-19.) He opined that Plaintiff would be likely to miss work more than three days per month due to his impairments. (AR 519.) In a letter dated September 26, 2011, Dr. Aranda opined that Plaintiff's "very complex medical condition severely limits his ability to work in any capacity." (AR 823.)

In rejecting his opinion, the ALJ found the "the objective findings in the record do not confirm the impairments or limitations alleged by Dr. Aranda." (AR 32.) The ALJ cited that while Dr. Aranda diagnosed Plaintiff with diabetic peripheral neuropathy, the record did not confirm his diagnosis and instead, indicated the contrary. In 2010, a nerve conduction study reported Plaintiff's upper extremities as normal, and Plaintiff was reported to have "excellent sensation of the hands and feet with no evidence of diabetic neuropathy." (AR 32, 379, 555, 788.) In 2011, Plaintiff specifically reported no symptoms of diabetic neuropathy. (AR 32, 705.)

The Court finds that the ALJ provided "specific and legitimate" reasons for rejecting Dr. Aranda's opinion, and those reasons are supported by substantial evidence

in the record.[4] The ALJ permissibly rejected the opinion on the basis that it was inconsistent with the medical evidence, and he cited the relevant portions of the record that supported his reasoning. *See Tommasetti*, 533 F.3d at 1039; *Orn*, 495 F.3d at 632; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Plaintiff argues that the negative EMG "is not particularly relevant" because Dr. Aranda found Plaintiff's "limitations were related primarily to his back and heart problems." (Doc. 11 at 16.) This argument is unavailing however, because it does not detract from the finding that Dr. Aranda rendered an opinion that was unsupported by his own findings and was contrary to the medical evidence – the very basis upon which the ALJ relied in rejecting the opinion. Instead, Plaintiff's argument only highlights that Dr. Aranda opined that Plaintiff was severely limited by a condition that Plaintiff did not largely receive treatment for. Therefore, the ALJ's reasons for discounting the opinion of Dr. Aranda does not constitute legal err. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002).

### 2. Shields Stutts, M.D.

Plaintiff next argues that the ALJ erred by failing to assign sufficient weight to the opinion of his treatment physician Baldwin Shields Stutts, M.D.. Plaintiff reports that Dr. Stutts began treating him in 2010. On March 6, 2011, Dr. Stutts completed a Cardiac Impairment Questionnaire in which he diagnosed Plaintiff with coronary artery disease, NYHA Class III, 24 diabetes mellitus, dysmetabolic syndrome X, mixed hyperlipidemia, and essential hypertension, and listed Plaintiff's primary symptoms as "exertional dyspnea/pressure." (AR 522.) He opined that Plaintiff can sit for two hours in an eight-hour day, stand or walk for no more than one hour in an eight hour day, and occasionally lift/carry up to 20 pounds. (AR 522-27.) He further opined that Plaintiff would miss work more than three days per month due to his impairments. (AR 525-26.)

The ALJ rejected the opinion of Dr. Stutts on the basis that his findings were

---

[4] Because Dr. Aranda's findings are contradicted in the record by examining physicians Robert Barker, M.D. and Stephen C. Gill, Ph.D., the ALJ must only provide "specific and legitimate reasons" supported by substantial evidence in the record for rejecting his opinion. *Orn*, 495 F.3d at 632.

inconsistent with his treatment records. "In contrast to the persistent limitations alleged by Dr. Stutts," the ALJ cited that his treatment notes indicated that Plaintiff reported no fatigue, chest discomfort, shortness of breath, or palpitations. (AR 32. 705-707.) Dr. Stutts also opined in the questionnaire that Plaintiff's prognosis "is reasonably good." (AR 32, 522.) Further, the ALJ found that while he "does have a treating relationship" with Plaintiff, "the record reveals that actual treatment visits have been relatively infrequent" having seen Plaintiff only once every six months. (AR 32.)

The Court finds that the ALJ offered specific and legitimate reasons for rejecting the opinion of Dr. Stutts, and those reasons are supported by substantial evidence in the record.[5] The ALJ did not err in discrediting Dr. Stutts' opinion on the basis that it conflicted with earlier assessments. As here, "[a] conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1111-12). Nor did he err in relying on the infrequency of treatment. *See* 20 C.F.R. § 404.1527(d)(2) ("If a treating source's opinion is not given controlling weight, the weight that it will be given is determined by length of the treatment relationship, frequency of examination… and other factors."). While Plaintiff generally argues Dr. Stutts "provided specific medical findings to support his opinions" and "those findings are consistent with the underlying treatment records" (Doc. 11 at 18), Dr. Stutts only indicated in the questionnaire that his conclusions were "[b]ased upon impression when conversing with patient" (AR 526). *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and alteration omitted). The Court therefore finds that the ALJ did not err in rejecting Dr. Stutts' medical opinion.

---

[5] Because Dr. Stutts' findings are contradicted in the record by the examining physicians, the ALJ must only provide "specific and legitimate reasons" supported by substantial evidence in the record for rejecting his opinion. *Orn*, 495 F.3d at 632.

### B.     Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by finding Plaintiff's symptom testimony not credible. (Doc. 11 at 20.) To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ must engage in a two-step analysis. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen*, 80 F.3d at 1281). The claimant "need not show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Id.* (quoting *Smolen*, 80 F.3d at 1282).

Plaintiff "alleges persistent limitations dating from a heart attack in January 2010," and that he suffers from fatigue, breathing difficulties, upper and lower back pain, pain in his wrists and hands, depression, as well as other conditions. (AR 29, 56-69.) Plaintiff testified that he can lift 25 pounds, sit for up to an hour at a time, stand for 30 minutes, and walk 100-150 yards at a time. (AR 56-57.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," however Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the… residual functional capacity assessment." (AR 30.)

The ALJ discredited the severity of Plaintiff's pain allegations on four grounds. First, the ALJ reasoned that Plaintiff's daily activities were inconsistent with Plaintiff's complaints of disabling symptoms and limitations. (AR 30.) While Plaintiff testified that he experiences difficulty and pain when grasping and holding onto things, such as a cane,

the ALJ cited that he was able to drive both the family vehicle and ride his motorcycle several times per month. (AR 29, 30, 57, 67-68.) Similarly, the ALJ noted that Plaintiff testified that he has limited strength and can only carry 25 pounds, yet "rides a Harley 88 cubic and 1350 CCs [which] has to be fairly heavy to keep upright."(AR 31.) Plaintiff argues that the ALJ erred in relying on his daily activities to assess his credibility because those activities have no apparent bearing on his ability to perform in the workplace. The ALJ did not err in failing to discuss whether Plaintiff's activities were transferable to the workplace because his reasoning did not rely on Plaintiff's functional ability to perform them. Rather, the ALJ addressed Plaintiff's activities because they contradicted his other testimony, which diminished his credibility as a whole. *See Orn,* 495 F.3d at 639 (discussing that there are "two grounds for using daily activities to form the basis of an adverse credibility determination…" i.e., (1) daily activities contradict other testimony, or (2) daily activities involve skills transferrable to the workplace). Therefore, the ALJ did not commit error in relying on Plaintiff's daily activities to discount his symptom testimony.

Second, the ALJ discredited Plaintiff's symptom allegations because he found it inconsistent with the treatment notes. The ALJ cited numerous records in which Plaintiff's conditions were reported to have improved or were well-controlled with treatment. (AR 25-26, 29-31.) *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (finding substantial evidence supported credibility finding where ALJ found claimant responded well to treatment); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Third, the ALJ found that Plaintiff's infrequent medical visits undermined the credibility of his pain symptoms. The ALJ cited that since January 2010, the record reveals relatively infrequent trips to the doctor, and he reported that he has follow-up visits and testing only about every four to six months. (AR 30-31.) *See Tommasetti,* 533 F.3d at 1039 (evidence of minimal, conservative treatment is sufficient to discount the severity of symptom

allegations) (citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)). The ALJ also did not err in relying on these reasons to discredit Plaintiff's testimony.

Lastly, in his credibility determination the ALJ relied on Plaintiff's failure to follow treatment, citing Plaintiff's failure to follow medical advice to discontinue smoking. (AR 31.) In assessing credibility, "the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina*, 674 F.3d at 1113 (quoting *Tommasetti*, 533 F.3d at 1039; *Smolen*, 80 F.3d at 1284)). Citing *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000), Plaintiff argues that smoking is an addictive habit and a failure to quit is an unreliable basis on which the ALJ could rest his credibility determination. Here, "[i]t is certainly possible that [Plaintiff] was so addicted to cigarettes that [he] continued smoking even in the face of debilitating shortness of breath... Even so, the ALJ presented [] other independent bases for discounting Plaintiff's testimony, and each finds ample support in the record. Thus, the ALJ's reliance on Plaintiff's continued smoking, even if erroneous, amounts to harmless error." *Bray*, 554 F.3d at 1227.

The Court finds that the ALJ provided specific, clear and convincing reasons for finding Plaintiff's testimony not credible, and therefore did not err in discrediting the severity of his subjective complaints. *Tommasetti*, 533 F.3d at 1039; *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 2009).

**IV. Conclusion**

In sum, the Court has considered the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. The Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible error. Accordingly,

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 19th day of December, 2014.

Honorable Steven P. Logan
United States District Judge